Walter UNTERMEYER,
Plaintiff–Appellant,

v.

VALHI, INC., CSX Corporation and Sea–Land Corporation,
Defendants–Appellees.

No. 486, Docket 87–7697.

United States Court of Appeals,
Second Circuit.

Argued Jan. 14, 1988.

Decided Jan. 15, 1988.

Resubmitted March 7, 1988.

Decided March 7, 1988.

Louis Loss, Cambridge, Mass. (Irving Malchman, Kaufman Malchman Kaufman & Kirby, New York City, of counsel), for plaintiff-appellant.

Daniel F. Attridge, Washington, D.C. (Jeffrey S. Davidson, John G. Froemming, Kirkland & Ellis, Washington, D.C., James K. Leader, Townley & Updike, New York City, of counsel), for defendants-appellees.

Before CARDAMONE, PRATT and ALTIMARI, Circuit Judges.

PER CURIAM:

In the prior unpublished decision of this court, 841 F.2d 1117 (2d Cir.1988), we summarily affirmed the district court's decision which granted Valhi, Inc.'s motion for summary judgment and dismissed Untermeyer's complaint brought pursuant to section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p. On January 28, 1988, Untermeyer filed the instant petition for rehearing in which he argues that our decision affirming the district court here overrules *sotto voce Blau v. Oppenheim*, 250 F.Supp. 881 (S.D.N.Y.1966). We treated Untermeyer's petition as a motion for reargument, which was granted on March 7, 1988, and the matter was resubmitted on that date.

Having reviewed the arguments raised in Untermeyer's petition, we find none that compel a result different than that reached in our prior decision. Accordingly, we again affirm the district court's decision for substantially the reasons stated in its opinion. *See* 665 F.Supp. 297 (S.D.N.Y. 1987). We observe, however, that, despite Untermeyer's arguments to the contrary, the district court's decision in the instant case is not necessarily at odds with the decision in *Blau v. Oppenheim*. In *Blau*, the issuer had been merged out of existence. *See Blau*, 250 F.Supp. at 886. Thus, unless the issuer's successor corporation or its parent was allowed to bring a section 16(b) action, the short swing-profits illegally gained would never have been recovered. *Id.* In contrast, the issuer here, Sea–Land, survived the merger and remains a viable corporate entity. *See* 665 F.Supp. at 298–99, 300. Because Sea–Land remains a viable corporate entity, it or its shareholder, CSX, can bring an action under section 16(b) to recover the short-swing profits allegedly gained. The district court in the instant case recognized this and other important distinctions, *id.* at 300–01, and no-

where did the district court suggest that its decision overrules *Blau.* Likewise, nothing in our affirmance of the district court's decision here is intended to alter the decision in *Blau.*

Affirmed.