17-843-cv
Morrison v. Eminence Partners II, L.P.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of October, two thousand seventeen.

PRESENT: REENA RAGGI,
PETER W. HALL,
SUSAN L. CARNEY,
*Circuit Judges*.

-------------------------------------------------------------------------
LARRY MORRISON,
*Plaintiff-Appellant*,

v.                                                      No. 17-843-cv

EMINENCE PARTNERS II, L.P., EMINENCE PARTNERS LEVERAGED, L.P., EMINENCE EAGLEWOOD MASTER, L.P., EMINENCE PARTNERS LONG, L.P., EMINENCE FUND MASTER, LTD., EMINENCE FUND LEVERAGED MASTER, LTD., EMINENCE FUND LONG, LTD., TAILORED BRANDS, INC., EMINENCE CAPITAL, LLC, EMINENCE GP, LLC, EMINENCE PARTNERS, L.P., RICKY C SANDLER,
*Defendants-Appellees*,

JOHN DOE, EMINENCE CAPITAL, L.P., EMINENCE CAPITAL GP, LLC,
*Defendants*.

-------------------------------------------------------------------------

APPEARING FOR APPELLANT:     JEFFREY S. ABRAHAM, Abraham, Fruchter & Twersky, LLP, New York, New York.

APPEARING FOR APPELLEES:     MICHAEL E. SWARTZ (Randall T. Adams, Minji Reem, *on the brief*), Schulte Roth & Zabel LLP, New York, New York, *for Eminence Partners II, L.P., Eminence Partners Leveraged, L.P., Eminence Eaglewood Master, L.P., Eminence Partners Long, L.P., Eminence Fund Master, Ltd., Eminence Fund Leveraged Master, Ltd., Eminence Fund Long, Ltd., Eminence Capital, LLC, Eminence GP, LLC, Eminence Partners, L.P., Ricky C Sandler.*

Appeal from a judgment of the United States District Court for the Southern District of New York (Ronnie Abrams, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 31, 2017,[1] is AFFIRMED.

Plaintiff Larry Morrison brings this action under Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), *see* 15 U.S.C. § 78p(b), seeking disgorgement of alleged short-swing profits realized by Defendants (collectively, "Eminence") in connection with their sales of common stock in The Men's Wearhouse, Inc. ("Men's Wearhouse"), now a wholly owned subsidiary of Tailored Brands, Inc.

---

[1] Although the district court issued its opinion and order granting Eminence's motion to dismiss on March 1, 2017, no accompanying judgment was entered, as required by Fed. R. Civ. P. 58(a).   By operation of law, judgment was deemed entered on Monday, July 31, 2017: 150 days after entry of the order, *see* Fed. R. Civ. P. 58(c)(2)(B), plus two days because that date fell on a Saturday, *see* Fed. R. Civ. P. 6(a)(1)(C).   Absent apparent prejudice to Eminence, we possess appellate jurisdiction notwithstanding the premature filing of the notice of appeal.   *See Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 172 (2d Cir. 2002).

("Tailored Brands"). The district court dismissed the complaint for lack of statutory standing, holding that, due to a pre-suit reorganization in which Men's Wearhouse shareholders exchanged stock for shares in holding company Tailored Brands, Morrison no longer held stock in the "issuer" to whom the short-swing trades pertained at the time he filed his complaint. We review the challenged dismissal *de novo*, accepting the complaint's plausible factual allegations as true and drawing all reasonable inferences in Morrison's favor. *See Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122, 129 (2d Cir. 2016). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm the dismissal for lack of statutory standing. We, therefore, do not reach Eminence's alternative arguments on appeal.

"Section 16(b) of the Securities Exchange Act of 1934 . . . aims to prevent corporate insiders, who are presumed to possess material information about the corporation, from earning short-swing profits by buying and selling securities within a six-month period." *Olagues v. Icahn*, 866 F.3d 70, 71 (2d Cir. 2017). An action seeking disgorgement of such profits on behalf of the securities' issuer may be filed either by "the issuer, or by the owner of any security of the issuer." 15 U.S.C. § 78p(b). Although Section 16(b) "places no significant restriction on the type of security adequate to confer standing," the Supreme Court has made clear that the security must be held in the "issuer" to whom the short-swing profits would accrue. *Gollust v. Mendell*, 501 U.S. 115, 123-24 (1991). As specifically pertinent here, the Court ruled that "issuer" is

3

"defined under § 3(a)(8) of the 1934 Act as the corporation that *actually issued* the security, 15 U.S.C. § 78c(a)(8), and *does not include parent or subsidiary corporations*." *Id.* at 123 (emphasis added). Because the plaintiff is required to own securities of the "issuer" only at "the time the § 16(b) action is 'instituted,'" the action may continue if the plaintiff is deprived of those securities by a post-suit corporate reorganization. *Id.* at 124 (quoting 15 U.S.C. § 78p(b)). In this case, however, the district court properly dismissed Morrison's complaint because, by the time it was filed, he no longer owned securities in the issuer, Men's Wearhouse, but only in the issuer's parent, Tailored Brands. Such a "parent" is "not include[d]" in the class of entities sufficient to authorize the plaintiff to bring suit on the actual issuer's behalf. *Id.* at 123.

In urging otherwise, Morrison contends that the above-highlighted statements from *Gollust* are *dicta*, as the plaintiff was there deprived of his shares only after filing his complaint. The argument merits little discussion, as the force of the Court's quoted statements turns not on the facts that were before it, but on the necessity of the statements to the decision rendered. *See United States v. Bohannon*, 824 F.3d 242, 253 n.12 (2d Cir. 2016) ("[W]hat distinguishes holding from dictum is whether resolution of the question is necessary for the decision of the case." (internal quotation marks omitted)).

"The distinction between holding and dictum requires recognition of . . . how (and by what reasoning) the court resolved the question, and what role, if any, the proposition played in the reasoning that led to the judgment." *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007) (quoting Pierre N. Leval, *Judging Under the Constitution: Dicta about Dicta*

4

["Leval"], 81 N.Y.U. L. Rev. 1249, 1257 (2006) (internal alterations omitted)), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Here, *Gollust*'s conclusion that a plaintiff must own stock in the actual issuer at the time of filing was "integral to the rationale" of the Court's decision that a post-filing deprivation of stock in the actual issuer does not bar maintenance of the suit. *Id.*[2] Had the Court instead held, as Morrison urges us to do, that a Section 16(b) "issuer" can include parent companies, the remainder of the Court's decision would have been unnecessary. Rather, a conclusion that possession of parent-company stock sufficed to confer statutory standing would have resolved the issue presented in *Gollust* without further discussion. Because "turn[ing] the questioned proposition around to assert its opposite" would "require a change in either the court's judgment or the reasoning that supports it," the cited portions of *Gollust* are necessarily part of its holding, not *dictum*. Leval, 81 N.Y.U. L. Rev. at 1257.

No different conclusion is warranted by Morrison's argument that the Section 16(b) cause of action was an "asset" transferred from Men's Wearhouse to Tailored Brands. Morrison's citation to Exchange Act Rule 414(b) for this proposition is unavailing. That Rule has no relationship to Section 16(b), and provides only that an

---

[2] Indeed, the cited statements from *Gollust* amount to a rejection of the decision there under review, which relied on a district court case authorizing the filing of Section 16(b) actions by holders of the stock of the parent company of a subsidiary into which the issuer, later-defunct, merged. *See Mendell in Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 729 (2d Cir. 1990) (citing *Blau v. Oppenheim*, 250 F. Supp. 881 (S.D.N.Y. 1996)), *aff'd on other grounds sub nom. Gollust v. Mendell*, 501 U.S. 115 (1991).

issuer succeeding to another corporation's Exchange Act filing obligations succeeds to registration statements that the predecessor entity has filed. *See* 17 C.F.R. § 230.414. The SEC had proposed other rules that would have authorized Section 16(b) suits by holders of the securities of a successor issuer, but such rules were withdrawn after a writ of certiorari was granted in *Gollust*. *See* Ownership Reports and Trading by Officers, Directors and Principal Security Holders, 56 Fed. Reg. 7242-01 (proposed Feb. 21, 1991) (to be codified at 17 C.F.R. pts. 229, 240, 249, 270, and 274). Nor is the proposition that a Section 16(b) claim may be transferred supported by *iXL Enters., Inc. v. GE Capital Corp.*, 167 F. App'x 824 (2d Cir. 2006). That non-precedential decision did not conclude that Section 16(b) claims could be transferred under the Exchange Act, but only that a bankruptcy estate could be *substituted* for a Section 16(b) plaintiff under the Bankruptcy Code. *See id.* at 826 (citing 11 U.S.C. § 541).

Nor do the other cases that Morrison cites in support of his appeal bind us, as they were all issued prior to *Gollust*, and most are non-precedential. *See, e.g.*, *Mendell in Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724 (2d Cir. 1990), *aff'd on other grounds sub nom. Gollust v. Mendell*, 501 U.S. 115 (1991); *Untermeyer v. Valhi, Inc.*, 665 F. Supp. 297 (S.D.N.Y. 1987), *aff'd without opinion*, 841 F.2d 1117 (2d Cir. Jan. 15, 1988), *aff'd on reh'g*, 841 F.2d 25 (2d Cir. 1988); *American Standard, Inc. v. Crane Co.*, 510 F.2d 1043 (2d Cir. 1974); *Blau v. Oppenheim*, 250 F. Supp. 881 (S.D.N.Y. 1966). Indeed, in *Untermeyer*, this court specifically limited the *Blau* successor-issuer exception to circumstances where the issuer was "merged out of existence" before a plaintiff could

6

file a Section 16(b) action. 841 F.2d at 25. That is not this case. There is no dispute that Men's Wearhouse is a viable corporate entity and that Men's Wearhouse and Tailored Brands have standing to pursue a Section 16(b) claim premised on short-swing profits earned from purchases and sales of Men's Wearhouse's securities. Therefore, Morrison cannot rely on the successor-issuer exception to establish standing.

Finally, Morrison suggests that Men's Wearhouse's corporate reorganization may have been an effort to "deprive [him] of standing" before expiration of the "sixty-day waiting period" mandated after sending a Section 16(b) demand to the issuer's board. Appellant's Br. 18; *see* 15 U.S.C. § 78p(b). We need not address whether such a "fraud" exception survives *Gollust* because Morrison provides no factual support for it in this case. Morrison's complaint states nothing more than that the reorganization "was a fraudulent effort to deprive Plaintiff of [statutory] standing." App'x 14. This "[t]hreadbare," conclusory assertion, unaccompanied by any factual support, fails to meet the requisite standard for Rule 8 pleading, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), much less the heightened standard necessary for pleading fraud or mistake, *see id.* at 686 (citing Fed. R. Civ. P. 9(b)). Indeed, to the extent that the allegation of fraud is premised on the January 31, 2016 reorganization of Men's Wearhouse prior to the filing of Morrison's complaint, the allegation is rendered implausible by Men's Wearhouse's announcement of that reorganization in a public filing on December 9, 2015, which

7

occurred before Morrison's Section 16(b) demand.[3]  Moreover, even looking to the latest trade allegedly subject to Section 16(b) liability, on June 5, 2015, there can be no dispute that several months remained in which Morrison possessed statutory standing to file his Section 16(b) claim.

We have considered Morrison's other arguments and conclude that they are without merit.    Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3]  Although this document was not attached to Morrison's complaint, we may consider statements made in "legally required public disclosure documents filed with the SEC," *Parkcentral Global Hub Ltd. v. Porsche Auto. Holdings SE*, 763 F.3d 198, 202 (2d Cir. 2014) (internal quotation marks omitted), which we consider only for the fact that they were made, not for their truth, *see Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).